**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:12-cv-00256-MR
[Criminal Case No. 1:05-cr-00251-MR-DLH-1]**

| | |
|---|---|
| RICHARD KENNETH GALLOWAY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]; Petitioner's Motion to Appoint Counsel [Doc. 4]; the Government's Motion for Leave to File Out of Time [Doc. 20]; the Government's Motion to Dismiss [Doc. 21]; and Petitioner's "Motion for Extension of Time to File Traverse to Government's Return" [Docs. 22, 23].[1]

**I.   FACTUAL AND PROCEDURAL HISTORY**

On October 4, 2005, Petitioner was charged in a Bill of Indictment with two counts of possession of a firearm after having been convicted of a

---
[1] Documents 22 and 23 appear to be identical filings.

felony, in violation of 18 U.S.C. § 922(g)(1), and two counts of possession of a firearm while being an unlawful user of and addicted to a controlled substance, in violation of 18 U.S.C. § 922(g)(3). [Criminal Case No. 1:05-cr-00251-MR, Doc. 1: Indictment]. Petitioner was appointed counsel and soon entered into a written plea agreement wherein he agreed to plead guilty to one § 922(g)(1) offense in exchange for the Government's agreement to dismiss the remaining three counts. Pursuant to the plea agreement, Petitioner agreed to waive his right to challenge his conviction or sentence except on claims of ineffective assistance of counsel and/or prosecutorial misconduct. [Id., Doc. 16: Plea Agreement].

In preparation for Petitioner's sentencing hearing, the probation officer drafted a presentence report ("PSR"), which detailed a criminal history spanning over thirty years. As is relevant to the instant collateral proceeding, the PSR noted a 1969 conviction for manslaughter, for which Petitioner received an active term of eight years' imprisonment, and a 1969 conviction for felony escape which occurred while Petitioner was serving his sentence for manslaughter and for which he was sentenced to an active term of 12 months that was to be served consecutively to the manslaughter term. [Id., Doc. 41: PSR ¶¶ 25-26]. The PSR also noted two 1976 convictions for felony assault with a deadly weapon, for which Petitioner

received a consolidated term of five years' imprisonment.  Finally, the PSR noted two 1992 convictions for felony possession with intent to manufacture, sell or deliver marijuana, one count of felony possession of a weapon of mass destruction, and three felony counts of maintaining a vehicle, dwelling or place for controlled substances.  All of these convictions were consolidated for sentencing and Petitioner was sentenced to a term of five years' imprisonment for these offenses.  [Id. ¶¶ 27, 38].

Based on these prior convictions, the probation officer recommended that the Petitioner be designated as an armed career criminal, pursuant to USSG § 4B1.4 and 18 U.S.C. § 924(e).  Based on his armed career criminal status, Petitioner's Total Offense Level was calculated to be a level 30 and he faced a statutory mandatory minimum of 180 months' imprisonment.  [Id. ¶¶ 68-69].  On November 1, 2006, this Court, the Hon. Lacy H. Thornburg presiding, sentenced Petitioner to 180 months in prison. [Id., Doc. 22: Judgment].  Petitioner appealed and the Fourth Circuit Court of Appeals affirmed this Court's judgment, entering its mandate on April 23, 2008.  United States v. Galloway, 271 F. App'x 296 (4th Cir. 2008) (unpublished).  Petitioner did not file a petition for writ of certiorari.

Over four years later, on August 14, 2012, Petitioner filed the present § 2255 motion to vacate his sentence based, at least in part, on the Fourth

3

Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). [Doc. 1]. He later filed a supplemental motion to vacate, which he signed under the penalty of perjury. [Doc. 8]. Petitioner also seeks the appointment of counsel. [Doc. 3]. In response, the Government moved to dismiss Petitioner's motion, seeking leave to file its response four days out of time. [Docs. 19, 20]. Petitioner in turn moved for an extension of time to respond to the Government's motion to dismiss. [Docs. 22, 23]. Petitioner filed his response on October 20, 2014. [Doc. 24]. Having been fully briefed, this matter is ready for disposition.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Motion to Vacate

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under any of these provisions, Petitioner's motion to vacate is untimely. Petitioner's judgment became final when his time for filing a petition for writ of certiorari expired, or 90 days after the Fourth Circuit entered its mandate. Petitioner, however, did not file his motion to vacate until August of 2012, approximately three years after his one-year time period expired. As such, Petitioner's motion is not timely under §

5

2255(f)(1). Further, none of the subsections of § 2255(f) are applicable in this case. Because Petitioner's motion to vacate is untimely under § 2255(f), it shall be dismissed.

In addition to being untimely, Petitioner's motion is subject to dismissal due to Petitioner's waiver of his appellate rights. In the plea agreement, Petitioner explicitly waived his right to challenge his sentence in a post-conviction proceeding, except for claims of prosecutorial misconduct and ineffective assistance of counsel. It is well-established in this circuit that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In the present case, the record establishes that Petitioner knowingly and voluntarily waived his right to challenge his sentence in a post-conviction proceeding filed pursuant to 28 U.S.C. § 2255 or "similar authorities," except on the bases of ineffective assistance of counsel or prosecutorial misconduct. This Court conducted a thorough and careful Rule 11 colloquy, during which Petitioner affirmed that he understood that he was waiving both his right to appeal his sentence and his right to challenge his conviction or sentence in a post-conviction proceeding, and Petitioner does not argue that his plea was either unknowing or involuntary.

Because the claims asserted by Petitioner fall within the scope of his post-conviction waiver, and all of the relief he seeks constitutes post-conviction relief, his motion must be dismissed.[2]

### B. Motion for Appointment of Counsel

Petitioner moves for the appointment of counsel to assist him in pursuing habeas relief. Prisoners have no constitutional right to counsel in a post-conviction proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004). Nonetheless, the Court may appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B).

In the instant case, Petitioner has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). Accordingly, Petitioner's motion for the appointment of counsel is denied.

---

[2] Even if Petitioner's motion were not untimely or his claims not waived, Petitioner would not be entitled to relief on the merits. Petitioner acknowledges that his escape conviction qualifies as an adequate predicate for his armed career criminal designation, and the Government indicates in its Response that it has verified that the NCIC report that reflects that he was also convicted of two counts of assault with a deadly weapon in 1976 was substantiated by a fingerprint analysis. Petitioner, therefore, had three adequate predicate convictions and was properly sentenced as an armed career criminal.

### C. Motions for Extension of Time

Finally, the Government moves for leave to file its response four days out of time. Petitioner also seeks an extension of time in which to file a response to the Government's motion to dismiss. For cause shown, the parties' motions will be granted.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (holding that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

### **O R D E R**

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's motion for appointment of counsel [Doc. 4] is **DENIED**;

2. The Government's motion for extension of time [Doc. 20] is **GRANTED**;

3. The Government's motion to dismiss [Doc. 21] is **GRANTED** [Doc. 21];

4. Petitioner's motions for extension of time [Docs. 22, 23] are **GRANTED**; and

5. Petitioner's § 2255 Motion to Vacate, as supplemented [Doc. 1, Doc. 8], is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

The Clerk is directed to close this civil case.

**IT IS SO ORDERED**.

Signed: February 18, 2015

Martin Reidinger
United States District Judge